IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISHMAEL A. BURK, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-5042 |
| | : | |
| MS. DAVIS, *et al.,* | : | |
| *Defendants.* | : | |

**MEMORANDUM**

**PAPPERT, J.**                                                          **December 27, 2023**

Plaintiff Ishmael A. Burk, a convicted criminal incarcerated at SCI Chester and

frequent litigator in this and other courts,[1] filed this most recent civil action pursuant

to 42 U.S.C. § 1983 complaining about prison legal mail procedures.  He also moves to

proceed *in forma pauperis*.  (ECF No. 2.)  Because Burk has obtained three prior

"strikes" and has not shown an imminent danger of serious physical injury, pursuant to

28 U.S.C. § 1915(g) the Court denies leave to proceed *in forma pauperis.*   Burk must

pay the full filing fee if he wishes to continue this lawsuit.

I

Burk asserts First and Eighth Amendment claims alleging that Ms. Davis and

the Pennsylvania Department of Corrections will not allow him to receive his legal

mail, and that D. Varner refuses to investigate why he cannot get his mail.  (Compl. at

---

[1] Burk has filed at least thirteen prior cases in this Court.  Many of his lawsuits concern
prison conditions.  He has also filed numerous cases in the United States District Court for the
Middle District of Pennsylvania and the United States District Court for the District of New
Jersey.  Yet on the form Burk used to file this case, when answering the question as to whether
he had ever filed any prior cases in federal or state court relating to the conditions of his
imprisonment, he listed only one case.  (Compl. at 13-14.)

5.)[2]  He alleges injury stemming from the dismissal of some of his (unidentified)

lawsuits and seeks $450,000 for missing deadlines which purportedly resulted in the

dismissals.  (*Id*. at 5-6.)

## II

The *in forma pauperis* statute, 28 U.S.C. § 1915, allows indigent litigants to

bring an action in federal court without prepayment of filing fees, ensuring that such

persons are not prevented "from pursuing meaningful litigation" because of their

indigence.  *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*)

(internal quotation marks omitted).  But as Congress recognized, people who obtain *in*

*forma pauperis* status are "not subject to the same economic disincentives to filing

meritless cases that face other civil litigants," and thus the provision is susceptible to

abuse.  *Id.* (citing 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25, 1995) (statement

of Sen. Kyl)).

"[I]n response to the tide of substantively meritless prisoner claims that have

swamped the federal courts," Congress enacted the Prison Litigation Reform Act in

1996.  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quoting *Shane v. Fauver*, 213

F.3d 113, 117 (3d Cir. 2000)) (internal quotation marks omitted), *abrogated in part on*

*other grounds by Coleman v. Tollefson*, 575 U.S. 532(2015).  Among other things, the

PLRA implemented the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a
> civil action or proceeding under this section if the prisoner has, on 3 or more
> prior occasions, while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was dismissed on the
> grounds that it is frivolous, malicious, or fails to state a claim upon which

---

[2] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

relief may be granted, unless the prisoner is under imminent danger of
serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).  Thus, under the PLRA, a prisoner with three

prior strikes can obtain *in forma pauperis* status only if he is in imminent danger of

serious physical injury when he files his lawsuit.  Courts must consider a *pro se*

prisoner's allegations of imminent danger "under our liberal pleading rules, construing

all allegations in favor of the complainant."  *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir.

1998).

A strike under § 1915(g) "will accrue only if the entire action or appeal is (1)

dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2)

dismissed pursuant to a statutory provision or rule that is limited solely to dismissals

for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1),

1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil

Procedure."  *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013).  "A strike-call under

Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the

decision's prejudicial effect."  *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-25 (2020),

*abrogating Millhouse v. Heath*, 866 F.3d 152, 161 (3d Cir. 2017).

A

Burk has accumulated three strikes for purposes of § 1915(g).  In *Burk v.*

*Leonhauser*, No. 19-3121, 2019 WL 3889628, (E.D. Pa. Aug. 19, 2019), this Court

dismissed Burk's complaint, alleging Fourth and Fourteenth Amendment claims that

police planted evidence, as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

The dismissal constituted a strike for purposes of § 1915(g).  *Garrett v. Murphy*, 17 F.

4th 419, 424 (3d Cir. 2021) ("A suit dismissed under *Heck* is dismissed for failure to

3

state a claim and counts as a strike."). In *Burk v. Little*, No. 23-1005, 2023 WL 6962062

(E.D. Pa. Oct. 20, 2023), Burk's case was partially dismissed for failure to state a claim

on statutory screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). S*ee id* ECF No. 26.

Chief Judge Sánchez subsequently dismissed the balance of the case with prejudice

pursuant to Rule 12(b)(6). *Burk*, 2023 WL 6962062, at *3 ("While his sprain was

undoubtedly painful, in the absence of any allegations or evidence to suggest it was

otherwise debilitating or permanent, Burk has failed to state a claim that the denial of

medical care for it violated his rights under the Eighth Amendment"). This dismissal

constituted Burk's second strike. *Ball v. Famiglio*, 726 F.3d 448, 466 (3d Cir. 2013)

("because the Court dismissed the complaint on defendants' Rule 12(b)(6) motion and

we affirmed, that dismissal caused Ball to accrue a PLRA strike"). In *Burk v. Rugby

Lab'ys*, No. 23-11846, 2023 WL 5310534, at *1 (E.D. Mich. Aug. 17, 2023), the United

States District Court for the Eastern District of Michigan dismissed Burk's complaint

alleging an Eighth Amendment violation concerning multi-vitamins he purchased from

the prison commissary under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) with prejudice

for failure to state a claim upon which relief may be granted. This dismissal was Burk's

third strike for purposes of § 1915(g).

B

Having finally been called out on strikes, Burk may no longer proceed *in forma

pauperis* in any federal court unless he can show that he is in imminent danger of

serious physical injury at the time he files his lawsuit. The "imminent danger"

exception to the three-strikes rule serves as a "safety valve" to ensure that a prisoner is

not subject to serious injury due to his inability to pay a filing fee. *Ball*, 726 F.3d at

467. It "creates a narrow opening for a particular type of claim; it does not give

prisoners . . . a license to swamp the court with claims whenever they successfully state

a claim of imminent danger." *Brown v. Lyons*, 977 F. Supp. 2d 475, 481-82 (E.D. Pa.

2013) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)). "Imminent

dangers are those dangers which are about to occur at any moment or are impending."

*Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted). Past dangers are not

imminent dangers. *See Ball*, 726 F.3d at 467. Vague, general, or conclusory allegations

are likewise insufficient to establish that a plaintiff is in imminent danger. *Id.* Finally,

"there must be a nexus between the imminent danger a three-strikes prisoner alleges to

obtain IFP status and the legal claims asserted in his complaint." *Pettus*, 554 F.3d at

297; *see also Ball v. Hummel*, 577 F. App'x 96, 98 n.1 (3d Cir. 2014) (*per curiam*). In

other words, the claimed imminent danger must relate to the legal claims the prisoner

pursues. *Id.*; *see also Brown v. U.S. Dist. Ct., E. Dist.*, No. 13-7229, 2014 WL 1225878,

at \*1 (E.D. Pa. Mar. 25, 2014) ("In short, § 1915(g) requires two things:  the allegation

of imminent danger and a claim for relief that if granted will preclude the danger from

becoming a reality."). Burk alleges no facts which could show that the prison's legal

mail procedures place him in imminent danger of serious physical injury.

For these reasons, the Court will deny Burk's Motion to Proceed *in forma

pauperis* pursuant to 28 U.S.C. § 1915(g). Should Burk wish to continue with this

lawsuit, he must pay the full filing fee in advance.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**